Joseph T. Clees, No. 009645
Karen Gillen, No. 018008
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., No. 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
joe.clees@ogletreedeakins.com
karen.gillen@ogletreedeakins.com

Attorneys for Honeywell International Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Zbigniew Myko, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Honeywell International Inc., a New Jersey corporation; John Does and Jane Does 1-10; ABC Partnerships 1-5; XYZ Corporations 1-5; Black Limited Liability Companies 1-5,<br><br>　　　　　Defendants. | No. CV05-3909-PHX-HRH<br><br>**JOINT CASE MANAGEMENT REPORT** |

　　　1.　　Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 22, 2006 at 2:00 pm and was attended by: Antonio M. Rosacci for plaintiff and Karen Gillen for defendant Honeywell International Inc.

　　　2.　　**Statement of the Issues.**　Plaintiff bases his claim on the following facts. From January 4, 1988 to November 18, 2003 Plaintiff was employment by Defendant Honeywell International Inc. ("HONEYWELL"). At the time of his termination, November 18, 2003, Plaintiff was presented an Employment Separation Agreement and Release (the "Agreement"), whereby Plaintiff was to receive severance pay and other benefits. After reviewing the allocation of vacation time, and other amounts accounted

for, Plaintiff advised the human resources representative that the vacation listed on the Agreement was not correct, as he had 52 hours of unused earned vacation time. Plaintiff was advised by the HONEYWELL representative that he could either sign the incorrect documents or wait for HONEYWELL'S response as to whether he could have the vacation time allotted increased.  After attempting to resolve the issue, to no avail, and receiving no other information from HONEYWELL, on October 6, 2005 Plaintiff executed and returned the original incorrect Release.  To date, HONEYWELL has failed to compensate Plaintiff as agreed and has failed to compensate Plaintiff for any unpaid wages, including but not limited to unpaid vacation time.

Honeywell takes the position that plaintiff is not entitled to relief because he failed to exhaust his administrative remedies, the severance agreement lapsed when plaintiff did not accept its terms by the deadline set forth in the agreement, and the causes of action are barred by the statute of limitations.

3.  **Pre-discovery Disclosures.**  The parties will exchange by **April 3, 2006** the information required by Fed. R. Civ. P. 26(a)(1).

4.  **Discovery Plan.**  The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the following subjects:  plaintiff's allegation that Honeywell International Inc. failed to pay benefits and breached a fiduciary duty. Discovery is also needed with respect to wages plaintiff believes is due.

All discovery commenced in time to be completed by **July 28, 2006**.

Maximum of 25 interrogatories by each party to any other party.  Responses due 30 days after service.

Maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service.

2

Maximum of 10 depositions by plaintiff and 10 by defendant.

Each deposition other than of plaintiff limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due: from plaintiff by **May 19, 2006**; from defendant by **June 23, 2006**.

Supplementations under Rule 26(e) due **July 14, 2006**.

5.  **Other Items.**

The parties do not request a conference with the Court before entry of the scheduling order.

The parties request a pretrial conference within 10 days of trial.

Plaintiff should be allowed until **March 31, 2006** to join additional parties and until **March 31, 2006** to amend the pleadings.

Defendant should be allowed until **April 7, 2006** to join additional parties and until **April 7, 2006** to amend the pleadings.

All potentially dispositive motions should be filed by **September 1, 2006**.

Settlement is unlikely.

The Plaintiff believes that a settlement conference would be helpful, however the Defendant has considered alternative dispute resolution and does not believe it will be helpful.

The parties do not consent to reassignment to a United States magistrate judge.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due 30 calendar days before trial.

Parties should have 14 calendar days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by **December 15, 2006** and at this time is

. . .

. . .

1  expected to take approximately 2 days.

2    RESPECTFULLY SUBMITTED this 24th day of March 2006.

3             OGLETREE, DEAKINS, NASH,
4             SMOAK & STEWART, P.C.

6            By: s/Karen Gillen
7             Joseph T. Clees
           Karen Gillen
8             2415 East Camelback Road, Suite 800
9             Phoenix, Arizona 85016
           Attorneys for Honeywell International, Inc.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March 2006, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Antonio M. Rosacci, Esq.
The Rosacci Law Firm, P.C.
3411 North 32nd Street
Phoenix, Arizona 85018
Attorneys for Plaintiff


s/Debra A. Irwin