Joseph T. Clees, No. 009645
Karen Gillen, No. 018008
Nonnie L. Shivers, No. 023460
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., No. 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
joe.clees@ogletreedeakins.com
karen.gillen@ogletreedeakins.com
nonnie.shivers@ogletreedeakins.com

Attorneys for Honeywell International Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Zbigniew Myko, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Honeywell International, Inc., a New Jersey corporation; John Does and Jane Does 1-10; ABC Partnerships 1-5; XYZ Corporations 1-5; Black Limited Liability Companies 1-5,<br><br>Defendants. | No. CV05-3909-PHX-HRH<br><br>**HONEYWELL INTERNATIONAL INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Oral Argument Requested) |

Defendant, Honeywell International Inc. ("Honeywell"), by and through its counsel undersigned, hereby files its Motion for Summary Judgment. This Motion is supported by the attached Memorandum of Points and Authorities and the record in this case.

### MEMORANDUM OF POINTS AND AUTHORITIES

Zbigniew Myko's ("plaintiff") employment with Honeywell was terminated on November 18, 2003 as part of a reduction in force ("RIF"). At the time of his termination, Honeywell offered plaintiff 20 weeks of salary pursuant to the terms of its Severance Pay Plan under ERISA. To accept the offer, plaintiff had to sign and return his severance agreement by **January 14, 2004**. Plaintiff, however, never returned the agreement until

1   almost two years after the deadline, on or about **October 6, 2005**. Nevertheless, plaintiff
2   seeks payment of these severance benefits in Counts I and II of his First Amended
3   Complaint.

4       Counts I and II allege that Honeywell breached its fiduciary duty under ERISA and
5   therefore plaintiff should be paid the benefits he would have received had he timely
6   accepted the severance benefits.   These counts are barred because ERISA precludes
7   plaintiff from bringing a breach of fiduciary duty claim under ERISA on his own behalf, in
8   lieu of bringing a breach of fiduciary duty claim on the plan's behalf.  Further, plaintiff did
9   not accept the severance offer until almost two years after it lapsed.

10       Count III of plaintiff's First Amended Complaint alleges that Honeywell should pay
11   him for 52 hours of vacation in addition to the 160 hours for which he has already been
12   paid, and treble damages pursuant to A.R.S. § 23-355.   Summary judgment should be
13   entered on Count III in favor of Honeywell on any of the following alternative grounds:
14   (1) plaintiff's claim is time barred pursuant to the one-year limitation period in A.R.S.
15   § 12-541; (2) Honeywell paid plaintiff all amounts due to him and therefore no wages are
16   owed; or, (3) plaintiff is not entitled to treble damages because Honeywell had a good faith
17   dispute with respect to the payment of additional wages.

18   **I.    Factual Background**

19       Honeywell employed plaintiff as a Drafting Specialist.  Honeywell's Statement of
20   Facts ("SOF"), ¶ 1.  In November 2003, Honeywell eliminated plaintiff's position as part
21   of a reduction in force ("RIF").  *Id.* at ¶ 2.

22   **Honeywell Offers Plaintiff Severance Benefits**

23       On November 18, 2003, plaintiff's supervisor, Kyle Lawrence, informed plaintiff
24   that his employment with Honeywell was terminated as part of the RIF.  *Id.* at ¶ 3.  When
25   Mr. Lawrence began to explain details regarding the RIF, plaintiff refused to listen.  *Id.*

26       After speaking with Mr. Lawrence, plaintiff met with Chad Taylor from Honeywell
27   Human Resources.  Mr. Taylor told plaintiff that he was eligible for a severance package.
28   *Id.* at ¶ 4.  Mr. Taylor gave plaintiff two copies of an Employment Separation Agreement

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1  and Release Memorandum ("Agreement"). *Id.* at ¶ 5. The Agreement explained plaintiff's

2  rights and benefits under the Severance Pay Plan for Designated Employees of Honeywell

3  International Inc. ("Severance Plan"), an ERISA employee welfare benefit plan. *Id.* at ¶ 6.

4      Under the terms of the Agreement offered to plaintiff, Honeywell would pay

5  plaintiff 20 weeks of salary. Plaintiff was only eligible to receive this severance pay,

6  however, if he "sign[ed] and return[ed] the Employment Separation Agreement and

7  Release in the form provided to him . . . within the time allowed." *Id.* at ¶ 8. Specifically,

8  plaintiff could accept the offer only by signing and returning the Agreement to

9  Honeywell's Human Resources Department by January 14, 2004, at the latest. *Id.* at ¶ 9.

10      In order to receive the Consideration under this Agreement and Release, you

11      must return this signed Agreement and Release in the form provided [to]
        **Honeywell Engines, Systems & Services, 111 S. 34th Street, Dept 82-06**

12      **301-237, Phoenix, AZ 85034**, no later than **01/14/04**.

13  *Id.* at ¶ 10 (emphasis original).

14      On or about November 25, 2003, one week after plaintiff was presented with this

15  offer, Honeywell sent plaintiff a letter advising him that he had to accept the offer no later

16  than January 14, 2004:

17      Enclosed you will find 2 sets of your final paperwork related to your

18      severance package. We have enclosed a postage paid envelope for your
        convenience in returning the signed documents. The signed paperwork must

19      be returned to our office by **01/14/04.**

20  *Id.* at ¶ 13 (emphasis original).

21      Plaintiff did not accept the severance package offered to him on or before

22  January 14, 2004. *Id.* at ¶ 15. Therefore, Honeywell did not pay severance benefits to

23  plaintiff.

24      On or about October 6, 2005, almost two years after his termination and 21 months

25  after the deadline for accepting the offer passed, plaintiff returned the signed Agreement to

26  Honeywell. *Id.* at ¶ 16. In accordance with the terms of its offer and the Severance Plan,

27  Honeywell did not pay any additional benefits to plaintiff.

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1  **Honeywell Pays Plaintiff Vacation Benefits**

2  Immediately following his termination from Honeywell, Honeywell paid plaintiff

3  for all vacation hours to which he was entitled. Pursuant to Honeywell's calculations and

4  recalculations, plaintiff was entitled to payment for a total of 160 vacation hours, which

5  consisted of 8 hours of vacation carry-over, 120 hours of grandfathered vacation time, and

6  32 hours of earned, but unused vacation, for the 2003 year. Honeywell paid plaintiff a

7  total of $3,035.00 for 160 hours of vacation. *Id.* at ¶¶ 17-25, 31.

8  Nevertheless, plaintiff now seeks payment for an additional 52 hours of vacation.

9  Honeywell, however, has already paid plaintiff for all vacation hours for which he was

10  entitled to be paid.

11  **II.    Legal Analysis**

12  Plaintiff alleges three counts against Honeywell: breach of fiduciary duty for failure

13  to pay benefits in violation of ERISA (Count I); breach of fiduciary duty for

14  misrepresentation in violation of ERISA (Count II); and unpaid wages in violation of

15  A.R.S. § 23-352 and § 23-353 (Count III). Summary judgment should be entered in favor

16  of Honeywell for the reasons that follow.

17  **A.    Summary Judgment Should Be Entered In Favor Of Honeywell On**
18  **Counts I and II Alleging Breaches Of Fiduciary Duty**

19  Counts I and II of plaintiff's First Amended Complaint allege that Honeywell

20  breached its fiduciary duty under ERISA. Count I alleges that even though plaintiff

21  attempted to accept Honeywell's offer almost two years after the deadline, Honeywell

22  breached its duty by failing to make severance payments to plaintiff. Count II of the First

23  Amended Complaint alleges that Honeywell did not inform plaintiff that he had to accept

24  the severance package by January 14, 2004. Both claims are brought on behalf of plaintiff,

25  rather than the plan.

26  Summary judgment should be entered on Counts I and II because ERISA prohibits

27  plaintiff from bringing a breach of fiduciary duty claim on behalf of himself, as he has

28  alleged, rather than the plan. While an individual participant or beneficiary may bring a

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

breach of fiduciary duty claim under ERISA, he must do so for the benefit of the plan. *Horan v. Kaiser Steel Ret. Plan*, 947 F.2d 1412, 1417 (9th Cir. 1991) (citing *Massachusetts Mut. Life Ins. v. Russell*, 473 U.S. 134, 144 (1985)). Any recovery for an ERISA fiduciary's breach of fiduciary duty "must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries." *Id.* at 1418; *see also Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1462 (9th Cir. 1999). A plaintiff "fail[s] to present a fiduciary breach claim if the only remedy sought is for [his] own benefit, rather than for the benefit of the plan as a whole." *Horan*, 947 F.2d at 1418. This is because ERISA protects all plan beneficiaries, rather than remedying each wrong suffered by individual beneficiaries. *Id.* (citing *Massachusetts Mut.*, 473 U.S. at 142).

The Ninth Circuit's decision in *Parker v. BankAmerica Corporation* is illustrative. 50 F.3d 757, 768 (9th Cir. 1995). In *Parker*, defendant BankAmerica adopted an ERISA severance plan to compensate employees displaced as a result of a merger with another bank. *Id.* at 760-61. Former BankAmerica employees sued to recover individual severance benefits to which they believed they were entitled under the ERISA severance plan. *Id.* at 768. The former employees asserted that BankAmerica breached its fiduciary duty by misrepresenting certain facts about the merger and their benefits under the plan and by refusing to pay them severance benefits. *Id.* BankAmerica moved for summary judgment on the employee's breach of fiduciary duty claims. The court granted BankAmerica's motion because the employees sought to recover individual severance benefits under the plan and did not bring the action for the benefit of the plan. *Id.* The Ninth Circuit affirmed the District Court's grant of summary judgment to BankAmerica because individual beneficiaries of an ERISA plan may only bring a breach of fiduciary duty claim to recover for the plan and not to recover for themselves as individual beneficiaries. *Id.*

Here, plaintiff seeks to personally recover the severance pay that he would have received had he accepted the severance package by the January 14, 2004 deadline. Plaintiff seeks this remedy for his own benefit, not for the benefit of the ERISA-covered

5

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1  plan.[1]  *See Horan,* 947 F.2d at 1418 (individual annuities under an ERISA plan considered

2  only a benefit to plaintiffs individually and not the ERISA plan).  Because plaintiff did not

3  bring a claim on behalf of the ERISA plan, plaintiff's ERISA claim fails.  *See id; see also*

4  *Anderson v. Premera Blue Cross Blue Shield,* 2005 WL 1220940, *4 (D. Alaska May 19,

5  2005) (plaintiff's ERISA claim failed because plaintiffs sued for breach of fiduciary duty

6  and sought personal recovery rather than recovery to the plan); *Parker,* 50 F.3d at 768

7  (summary judgment for defendant where plaintiff sued for breach of fiduciary duty and

8  sought to recover personal severance benefits under the severance plan).

9       Even if the Court construes plaintiff's breach of fiduciary duty claim as a claim to

10  enforce benefits pursuant to 29 U.S.C. § 1132(a), plaintiff is still not entitled to the relief

11  that he seeks as a matter of law.  Plaintiff is only permitted to seek and recover

12  "appropriate" equitable relief, including injunctive relief or mandamus.  *See Sereboff v.*

13  *Mid Atlantic Med. Servs.,* 126 S. Ct. 1869, 1873 (2006); *Great-West Life & Annuity Ins.*

14  *Co. v. Knudson,* 534 U.S. 204, 209-10 (2002); *Mertens v. Hewitt Assocs.,* 508 U.S. 248,

15  256-58 (1993).  "Appropriate" equitable relief does not include legal relief such as

16  compensatory or "make whole" damages.  *See id.*  Money damages are a classic form of

17  legal relief that cannot be recovered under 29 U.S.C. § 1132(a).  Because plaintiff seeks to

18  recover legal relief in the form of money damages, plaintiff's ERISA claim fails.

19       Therefore, this Court should grant Honeywell's Motion for Summary Judgment as

20  to Counts I and II.  Honeywell is also entitled to summary judgment on the grounds that

21  follow.

22

23

24

25

---

26  [1]  An action may be brought on an individual's own behalf pursuant to 29 U.S.C.

27  § 1132(a)(1)(B).  Plaintiff, however, did not, and could not, bring such a claim.  Such
   claims can be brought only by a participant, beneficiary, or fiduciary of a plan.  29 U.S.C.

28  § 1132(a)(2).  Plaintiff is none of these.  *See Firestone Tire & Rubber Co. v. Bruch,* 489
   U.S. 101, 117 (1989).

1  **1.   Alternatively, Summary Judgment Should Be Entered In Favor Of Honeywell On Count I Because Honeywell Did Not Owe Plaintiff Severance Pay**

3      Count I alleges that Honeywell breached its fiduciary duty by refusing to make

4  severance payments to plaintiff in accordance with the terms of the Agreement.   The

5  Severance Plan and Agreement, however, required plaintiff to accept the severance

6  package offered to him by signing and returning the Agreement to Honeywell no later than

7  January 14, 2004.   Plaintiff, however, did not return the agreement until October 2005 –

8  almost two years too late.   Honeywell was not only permitted to deny plaintiff any

9  severance benefits, it was required to do so under ERISA.

10     An ERISA plan must be "established and maintained pursuant to a written

11 instrument." 29 U.S.C. § 1102(a)(1).  A fiduciary must operate the ERISA plan in strict

12 accordance with the plan's written terms in order to establish and maintain that plan.  29

13 U.S.C. § 1104(a)(1)(D); *see also Egelhoff v. Egelhoff,* 532 U.S. 141, 147 (2001).   In

14 determining whether a fiduciary has established and maintained the ERISA plan according

15 to the written instrument as required, the Court must follow the plain meaning of all

16 ERISA plan terms and may not supplant such meaning "with contrary interpretations

17 offered by the parties." *Bellino v. Schlumberger Techs.,* 944 F.2d 26, 31-32 (1st Cir. 1991)

18 (citing *Bruch,* 489 U.S. at 112).  The Court may not consider a plaintiff's subjective beliefs

19 or misunderstandings of the plan. *Id.*

20     ERISA plans frequently contain a written provision requiring a potential participant

21 to sign and return an agreement or other form before he may become a participant in the

22 plan.   Denying a potential participant benefits from the ERISA plan because he fails to

23 sign and return such an agreement or form is not just permitted, but required. *See Peterson*

24 *v. Hotel Employees & Rest. Employees Int'l Union,* 288 F.Supp.2d 1145, 1148-49 (D. Nev.

25 2003).

26     Here, Honeywell fulfilled its fiduciary duty by enforcing the written terms of the

27 Severance Plan.   The Severance Plan required plaintiff to sign and return the Agreement

28 by the stated deadline.   The Agreement specifically stated that plaintiff could receive

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 EAST CAMELBACK ROAD, SUITE 800 PHOENIX, ARIZONA 85016

severance pay if, and only if, plaintiff signed and returned the Agreement on or before January 14, 2004. Plaintiff received a copy of the written offer on November 18, 2003, and again on November 25, 2003, both of which clearly set forth the January 14, 2004 deadline. Plaintiff also received a letter advising him of the strict January 14, 2004 deadline. Plaintiff testified during his deposition that the January 14, 2004 deadline was both clear and understandable. SOF ¶ 14.

Further, Honeywell's offer to plaintiff lapsed before plaintiff accepted it. An offeree's power of acceptance is terminated at the time specified in the offer. *Restatement (Second) of Contracts* § 41; *Bristor v. Cheatham*, 75 Ariz. 227, 236, 255 P.2d 173, 179 (1973) (Arizona adopts *Restatement* in the absence of contrary law); *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242 (10th Cir. 2004) (plaintiff could not accept offer one day after offer expired because plaintiff's power of acceptance terminated on day offer expired).

Due to plaintiff's failure to meet the preconditions to participation in the plan, Honeywell properly denied him severance pay. *See Peterson,* 288 F.Supp.2d at 1148-49 (where employee required to sign and return an agreement before receiving ERISA benefits but fails to sign and return the document by the deadline, employer properly denied her benefits under the plan). The Court should therefore grant Honeywell summary judgment on Count I.

### 2. Alternatively, Summary Judgment Should Entered In Favor Of Honeywell On Count II Alleging Breach Of Fiduciary Duty For Misrepresentation

Count II of the First Amended Complaint alleges that plaintiff is entitled to receive severance pay because (1) Honeywell provided plaintiff with false information, and (2) Honeywell "failed to inform Plaintiff of the requirements and that the Defendant required the documentation by a date certain." First Amended Complaint at ¶¶ 17, 18. During plaintiff's deposition, however, plaintiff agreed that Honeywell did not provide him with false information regarding his potential severance pay. SOF ¶ 37. Plaintiff also

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1   agreed that Honeywell gave him the Agreement indicating it had to be signed and returned

2   by January 14, 2004.  These facts alone warrant summary judgment in Honeywell's favor.

3         During plaintiff's deposition he took the position that a November 25, 2003 letter he

4   received from Honeywell extended the deadline for him to return his severance agreement

5   for an additional two years.  Plaintiff relied on the following language:

> The signed paperwork must be returned to our office by **01/14/04**.  If your
> severance is scheduled to start prior to **01/14/04** and we have not received
> your signed agreement, *all payments will be suspended until we receive the
> signed agreement.*

9   (Bold in original; italics added).  Despite the terms of this offer, which expressly required

10  plaintiff to return the signed Agreement by January 14, 2004, and the November 23, 2003

11  letter, which required the same, plaintiff takes the position that his payments would simply

12  be suspended until he returned the Agreement – regardless of when he did so.  Plaintiff's

13  argument must be rejected for any of the reasons that follow:

14        First, the plain language of the offer, which is set forth in the Agreement and was

15  given to plaintiff twice, and the plain language of the follow-up letter, do not support

16  plaintiff's argument.  Plaintiff simply ignores the fact that the January 14, 2004 deadline

17  was clearly communicated in the sentence immediately preceding the suspension language.

18  Plaintiff also ignores the fact that the suspension language did <u>not</u> apply to him because his

19  severance was not scheduled to start prior to January 14, 2004.  Even if plaintiff had signed

20  the Agreement, his severance would not have begun until his pay period ending

21  January 18, 2004 when his Notice Pay and vacation pay were exhausted.  SOF ¶ 38.

22        Second, ERISA expressly forbids plaintiff from relying on the suspension language

23  to extend the January 14, 2004 deadline.  An ERISA plan must be "established and

24  maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1).  ERISA expressly

25  prohibits the enforcement of an informal oral or written statement that would lead to

26  liabilities not provided for under the written terms of the plan.  *See Gable v. Sweetheart

27  Cup Co.,* 35 F.3d 851, 857 (4th Cir. 1994).  That is precisely what plaintiff seeks here.

28

4293745-2                                           9

1    Here, the January 14, 2004 deadline contained in the Agreement was not alterable

2 pursuant to ERISA and the terms of the Agreement itself.   The Agreement plaintiff

3 ultimately signed and which he relies on contained an integration clause stating the

4 Agreement constituted "a single integrated contract expressing the entire agreement of the

5 parties . . . ." SOF ¶ 11. Under the terms of the Agreement, no new terms could be added

6 to the Agreement.  Even if plaintiff misunderstood the language regarding suspension of

7 payments for other individuals whose severance pay was scheduled to begin before the

8 deadline, this did not change the due date. *See Casey v. Semco Energy, Inc.,* 92 P.3d 379,

9 386 (Alaska 2004) (alleged statements made by fiduciary that would have altered the clear

10 terms of the ERISA plan were not misrepresentations or enforceable changes in light of the

11 settlement agreement's integration clause).

12    In sum, Honeywell did not breach its fiduciary duty when it advised plaintiff of the

13 deadline for accepting its offer and that *if* his severance pay was scheduled to begin before

14 the deadline to return the signed Agreement (which it was not), his payments would be

15 suspended until Honeywell received the signed agreement.   Honeywell discharged its

16 fiduciary duty by informing plaintiff of the January 14, 2004 deadline on numerous

17 occasions, in writing, in unambiguous terms.  The Court should grant Honeywell's Motion

18 for Summary Judgment Count II.

19    **B.    Summary Judgment Should Be Entered In Favor Of Honeywell On
20          Count III Alleging Unpaid Wages**

21    Count III of the First Amended Complaint alleges that plaintiff is entitled to

22 payment for 52 hours of vacation time[2] pursuant to A.R.S. § 23-352 and § 23-353.  First

23 Amended Complaint at 3, 5.  Plaintiff also seeks treble damages under A.R.S. § 23-355.

24

25 [2] Plaintiff's First Amended Complaint asserts a claim for "unpaid wages."  Honeywell
assumes that the claim is for vacation hours only, since any claim for payment of wages
26 under the Severance Plan must be brought exclusively under ERISA. *See* 29 U.S.C.
§ 1144(a); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983) (ERISA preempts all
27 state laws, and state law causes of action, in so far as it has a connection or reference to
28 any employee welfare benefit plan).

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

Summary judgment should be entered on Count III for any of the following reasons. First, Count III is barred by the one-year limitation period. A.R.S. § 12-541(3). Alternatively, summary judgment should be entered on Count III because Honeywell paid plaintiff $3,035.00 for all vacation hours due to him and plaintiff is not entitled to additional compensation. Finally, at the very least, Honeywell had a good faith dispute with respect to the amount of vacation pay, if any, due to him, and is therefore not liable for treble damages.

### 1.  Plaintiff's Wage Claim Is Barred By The One-Year Limitation Period

Claims for unpaid wages are subject to a one-year limitation period. A.R.S. §12-541(3) provides:

> There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:
>
> …
>
> 3.    For breach of an oral or written employment contracting including contract actions based on employee handbooks or policy manuals that do not specify a time period in which to bring an action.
>
> …
>
> 5.    Upon a liability created by statute, other than a penalty or forfeiture.

A.R.S. § 12-541; *see also Graham County v. Smith*, 20 Ariz. 145, 177 P.271 (1919).

Here, plaintiff testified during his deposition that he was entitled to payment for unused vacation time as of November 18, 2003, his last day of employment with Honeywell. First Amended Complaint at 3, 5. The last day plaintiff could have filed suit was November 18, 2004. Plaintiff, however, did not file suit until November 9, 2005, almost two years after his cause of action accrued. Because plaintiff's wage claim is time barred, this Court should enter summary judgment in favor of Honeywell on Count III.

### 2.   Honeywell Paid Plaintiff All Wages Due

Even if Count III were timely, which it is not, Honeywell is nevertheless entitled to summary judgment because it paid plaintiff all wages, including accrued vacation hours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

owed to him.  At the time of his termination, plaintiff was paid 160 hours of vacation.  His vacation pay had three components:  (1) 120 "grandfathered" vacation hours; (2) 8 hours of "carry over" time from previous years; and (3) 32 hours (or 4 days) of accrued, unused vacation for the 2003 year.  Plaintiff admits that he was paid for 160 hours of vacation time.

According to plaintiff, Honeywell should have paid him for 52 hours of vacation. Plaintiff bases his argument on a notation on his paycheck indicating that he had 52 hours of vacation available just prior to his termination.

Plaintiff, however, was not entitled to be paid for 52 hours of vacation as he claims. The 52 hours appearing on his paycheck represented the amount of vacation time that plaintiff could have earned and used had he remained a Honeywell employee through December 2003.  The 52 hours of "available vacation" included 13 hours of vacation that plaintiff had been allotted for December 2003, but which plaintiff had not earned.  While plaintiff was permitted under Honeywell policy to use his 13 hour vacation hour allotment for December even though he had not yet earned those 13 hours, plaintiff was not entitled to be paid out for these 13 unearned vacation hours.  Instead, plaintiff was entitled to payment of the 8 hours of carry over time and 32 hours of vacation for 2003.  In sum, plaintiff was paid: 32 hours of earned, accrued vacation plus 8 hours of carry over vacation, for a total of 40 vacation hours.  Plaintiff was not paid for his 13 hours of unearned but allotted vacation for December 2003 and is not entitled to be paid for those hours.[3]

### 3.     Plaintiff Is Not Entitled to Treble Damages

Summary judgment should be entered in favor of Honeywell on Count III because it is time barred or because plaintiff was not entitled to the payment of additional sums. Nevertheless, even if plaintiff was entitled to pay for additional vacation hours, which he is not, plaintiff is not entitled to treble damages.  An award of treble damages is not

---

[3] The detailed calculation of plaintiff's vacation pay is set forth in the Affidavit of Kendall Oliver, which is attached to Honeywell's Statement of Facts as Exhibit B.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

appropriate if there is a "reasonable good faith dispute as to the amount of wages due." A.R.S. § 23-352.  Moreover, even if plaintiff meets his burden of proof and shows that Honeywell acted in bad faith and failed to pay wages due, a treble damages award is discretionary – not mandatory.  *Swanson v. The Image Bank, Inc.*, 206 Ariz. 264, 268, 77 P.3d 439, 443 (2003) ("the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa County*, 190 Ariz. 512, 950 P.2d 171 (App. 1997).

Here, Honeywell's Vacation Policy sets forth the applicable vacation accruals. Plaintiff accrued vacation pursuant to that policy and was paid out for all accrued and earned hours.  Second, Honeywell calculated plaintiff's vacation hours at the time he was terminated and recalculated his hours following his termination.   Third, plaintiff never contacted Honeywell to follow up on his perceived miscalculation and never mentioned his concerns while on calls with Honeywell Human Resources about other matters. Honeywell paid plaintiff for all vacation hours due by its calculations.

Moreover, plaintiff has presented no evidence that Honeywell acted in bad faith. Even though plaintiff never contacted Honeywell to request it recalculate his vacation hours, Honeywell took the initiative to recalculate the hours and verify the accuracy of its initial calculation following plaintiff's termination.

### Conclusion

Summary judgment should be entered in favor of Honeywell on Counts I and II, alleging breach of fiduciary duty because plaintiff brought the claims on his own behalf, rather than on behalf of the plan.  Further, plaintiff did not accept the severance package offered to him by the January 14, 2004 deadline.

Summary judgment should also be entered with respect to Count III, alleging unpaid wages.  Count III is barred by the one-year limitation period, plaintiff was timely paid for all wages due and owing, and even if he were not, Honeywell had at least a good faith dispute with respect to the vacation pay due to him.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1   RESPECTFULLY SUBMITTED this 1st day of September 2006.

2                                       OGLETREE, DEAKINS, NASH,
3                                       SMOAK & STEWART, P.C.

4

5                                       By: s/Nonnie L. Shivers
6                                           Joseph T. Clees
                                            Karen Gillen
7                                           Nonnie L. Shivers
8                                           2415 East Camelback Road, Suite 800
                                            Phoenix, Arizona  85016
9                                           Attorneys for Honeywell International Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September 2006, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Antonio M. Rosacci, Esq.
The Rosacci Law Firm, P.C.
3411 North 32nd Street
Phoenix, Arizona 85018
Attorneys for Plaintiff


s/Debra Irwin